ALLEN C. DUTTON ET AL. v. CHARLES E. MERRITT ET AL.

*Lease as security.*

A bond and mortgage were given to secure a debt, and as additional security a paid-up ten-year lease was also given, providing however that it should be at the lessees' option to keep possession after a certain date, on or after which also, it was provided that the lessees might cancel the lease if the bond should be fully paid. *Held* (*a*) that whether or not the lessees gave up possession at the date fixed, their mortgage security remained and they could enforce it if the debt was not duly paid; (*b*) that the mortgager could pay the debt at any time after it became due and so extinguish the security; (*c*) that when the mortgagees had satisfied their debt by a foreclosure, they could not keep possession without paying rent.

Appeal from Eaton. Submitted July 2. Decided Oct. 8.

FORECLOSURE. Defendants appeal.

*John M. Corbin* for complainants.

*Isaac M. Crane* for defendants.

MARSTON, J. The amount for which a final decree was rendered in favor of complainants is not questioned in the brief of counsel for defendants. The whole controversy in this court turns upon the effect or construction that should be placed upon a lease, and the fact that this lease was not mentioned in the decree of the court.

Defendant Merritt being indebted to complainants executed to them a bond and secured payment thereof by a mortgage upon certain real estate. This bond and mortgage were dated June 16th, 1876, and the mortgage was acknowledged two days later. On the day of the acknowledgment, June 18th, the debtor and his wife joined in a lease of a certain store to the mortgagees for the full term of ten years from and after June 1st, 1875, which contained the following:

41 MICH.—68.

"And the said lessors hereby acknowledge receipt of full payment and satisfaction of the entire rental of said premises for said time, due or to become due, provided that it shall not be binding upon the said lessees to keep or retain said premises, except at their option, on or after the 1st day of March, A. D. 1878.

"And it is farther agreed that this lease is given and executed by the said lessors to said lessees as collateral security and to secure the performance of a certain bond this day executed by said Charles E. Merritt to said lessees. Now, should the sum stipulated to be paid in said bond by said Charles E. Merritt to said lessees be fully paid, and the said conditions of said bond be fully performed and complied with, then said lessees may revoke this lease and cancel the same on or after the said first day of March, A. D. 1878; but so long as any thing remains unpaid on the said bond, or so long as any of the conditions thereof remain unperformed, this instrument shall be regarded as and shall be an absolute paid up lease of said premises for ten years from and after the first day of June, A. D. 1875, and no rental shall ever become due or payable or demandable hereon until the complete performance of said conditions of said bond by said Charles E. Merritt."

A previous lease had been given by the lessors to the lessees of the same premises which had not expired when the one of June 18th was given. The court below ordered the rental of the premises under the old lease until the expiration of the time mentioned therein, to be allowed on the mortgage, and thereafter a fair rental value, which was done.

Counsel for defendants insists that under the lease of June 18th complainants could hold until after March 1st, 1878, and then elect to throw it up; that if they kept and used it after that time they must continue so to do for the full period of the term mentioned therein. He also claims that as they did elect to hold after March 1st, 1878, they thereby relinquished all claim to their mortgage security.

These positions are not tenable. The whole object seems to have been a desire to give additional security in the way of a paid up lease, the fair rental value of the leased property each year to be applied in payment

upon the bond, giving to the lessees the right to surrender up possession of the leased premises on or after the 1st day of March, 1878. Whether the lessees under this clause gave up possession of the leased premises or not, could in no way affect their mortgage security. If they retained possession, the rent should be applied in reduction of the debt; if they surrendered up possession, they had their mortgage security and their debtor to look to.

It is next claimed that "by the retention of the lease after 1878 the right to foreclose or enforce it (the mortgage) until after the lease expired by limitation, was at least suspended."

By no possibility could this be the case. The mortgagor had a right to come in and pay the debt at any time after it became due, and thus put an end to all the securities; the mortgagees after the debt became due could pursue all and singular the usual remedies for the collection of their debt, and there is nothing in any of these papers indicating that they shall not have such rights.

It is said, however, that under the decree complainants are authorized to sell the mortgaged premises, and are also allowed to come in, if there is a deficiency, and obtain an execution against the obligor in the bond, and that nothing is said in the decree about the lease.

It is very evident that if nothing is said in the decree about the lease, complainants cannot take any steps thereunder likely to prejudice the defendants. Having thought proper to foreclose their mortgage, and being satisfied with the decree, they cannot remain in possession of the leased premises without paying rent therefor. Under the lease they may not be bound to hold except during pleasure, but so long as they do they cannot refuse to pay a fair rental value for the premises. We do not see that the defendants are at all injured in this respect by the decree, which must be affirmed with costs.

The other Justices concurred.