LAURA A. STOREY v. ALLEN C. DUTTON ET AL.

*Rights of mortgagers under paid-up lease given as additional security—Permission to hold over—Application of rental on mortgage debt.*

Where a paid-up lease for a certain period was given to mortgagees as additional security, and the mortgagees had the option to hold over on paying a fair rental, the foreclosure of the mortgage would not prevent them from resorting to any additional security they might have, and they would have a right to apply the amount of rent due from them and unpaid, in satisfaction of their debt; and if the mortgager should assign his claim for rent to a third person, the latter would have no better right than his assignor and could not recover it until the foreclosure decree is extinguished.

Error to Eaton.   Submitted June 29.   Decided Oct. 5.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Crane & Dodge* and *M. V. Montgomery* for plaintiff in error.

*Corbin & Cobb* for defendant in error.

MARSTON, C. J.   The facts upon which this case arises are set forth in *Dutton v. Merritt* 41 Mich. 537. The plaintiff in this case seeks, as assignee of Merritt's interest in the lease referred to, the rental value of the premises

not already credited upon the mortgage foreclosure decree. The fact that defendants have occupied the premises, and that they must pay a fair rental therefor, is not questioned, but they claim the right to apply the rent upon the amount still due them upon the decree.

The fact that these defendants foreclosed the mortgage given them would not deprive them of the right to resort to any other security they held in order to obtain full satisfaction of the debt; and the mortgagor could not deprive them of this right by assigning the due and unpaid rent to a third person. The latter could acquire no better right than that of his assignor, who could not have sued for and recovered the rent in this case. While the defendants remain in possession the fair rental value of the premises must be applied in reduction of the decree until the extinguishment thereof, and until the happening of that event, an action will not lie to recover rent which may be due and uncredited.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.